## PILES v. CHARLES.

Where by argeement, the defendant was permitted to take a change of venue, in time for trial at the next term, but neglected to do so ; held that it was not error to refuse his motion for a change of venue at a subsequent term.

### ERROR *to Lee District Court.*

*Opinion by* GREENE, J. This was an action of right commenced by Salem Charles against Richard Piles. The defendant applied for a change of venue on the ground of prejudice in the district judge.

Piles *v.* Charles.

It appears by the bill of exceptions that after the defendant filed his affidavit for a change of venue, it was agreed by the attorneys of the parties that the cause should stand continued until the next term of the court; and that if the change of venue is taken, it should be taken in time to be tried at the February term of the district court of Van Buren County. This agreement was entered upon the judge's docket. The change of venue was not taken, and at the April term of the Lee district court, when the case was called in its order for trial, the defendant moved the court to grant the change of venue, which was overruled. This is now assigned as error.

Had there been no agreement of the attorney's in relation to the change of venue, the proceeding would have been erroneous. But the whole matter appears to have been arranged by the attorney's. From the agreement, we infer that the defendant had not fully concluded to take the change of venue; that he was allowed time to consider upon it, and if he concluded to do so, he could take the case, by consent and agreement to the Van Buren district court, if taken in time to be tried, at the February term of that court. By this agreement the defendant had the power to take the case to another venue within the time stipulated, and upon that arrangement he appears to have rested his application without an order from the court, granting the change. As it might have been made under the agreement, we are of the opinion that there was no error in omitting the order. As the defendant did not avail himself of that agreement, the plaintiff had reason to suppose that he had abandoned his motion for a change of venue, and could not be prepared for a renewal of that motion when the case was called up for trial. It must be presumed that the plaintiff came into court prepared for trial, and had no notice of the defendant's intention to urge his previously abandoned motion to change the venue. We think then that the court below very properly regarded the venue motion as unauthorized;

and did not depart from a sound discretion in refusing to change the venue.

*J. C. Hall,* for plaintiff in error.

*Geo. C. Dixon,* for defendant.